IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| JIMMY DANH<br>LOUNG THY LI,<br><br>Plaintiffs/Counterclaim Defendants<br><br>v.<br><br>FEDERAL NATIONAL<br>MORTGAGE ASSOCIATION,<br><br>Defendant/Counterclaim Plaintiff. | *<br>*<br>*<br>*  CIVIL No. 1:13-cv-01636--JKB<br>*<br>*<br>*<br>* |

\* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM

Jimmy Danh and Loung Thi Ly ("Plaintiffs") brought this suit against the Federal National Mortgage Association ("Defendant") alleging a violation of the Maryland Consumer Debt Collection Act ("MCDCA") and the Maryland Consumer Protection Act ("MCPA") and seeking declaratory judgment. Defendant brought a counter-claim alleging breach of contract and seeking declaratory judgment. Now pending before the Court are (1) Plaintiffs' motion to dismiss counterclaims, (ECF No. 11), and (2) Defendant's motion for partial summary judgment. (ECF No. 14). The issues have been briefed and no hearing is required. Local Rule 105.6. For the reasons set forth below, Plaintiffs' motion to dismiss counterclaims will be DENIED and Defendant's motion for partial summary judgment will be GRANTED.

### I.   BACKGROUND

Plaintiffs are owners of real property located at 7518 Gilley Terrace, Rosedale, MD. (ECF No. 2 ¶ 1). On April 2, 2008, Plaintiffs obtained a loan (the "Loan") for $390,150 from CitiMortgage, Inc. ("CitiMortgage"). (ECF No. 2 ¶ 1; ECF No. 8 ¶ 10). The Loan is evidenced

by a note (the "Note") and secured by a deed of trust (the "Deed of Trust"), both executed on April 2. (ECF No. 8 ¶¶ 10, 11). Shortly after execution of the Note, Defendant acquired CitiMortgage's interest in the Loan, although CitiMortgage continued to service it for Defendant. (ECF No. 8 ¶ 10).

Plaintiffs entered into a Loan Modification Agreement ("LMA") with CitiMortgage on August 8, 2010. (*Id.* ¶12). The LMA states that as of September 1, 2010, the unpaid principle of the Loan, including capitalized interest, was $401,691.78 and calls for sixty monthly payments at an interest rate of 4.25%, commencing on October 1, 2010, and three hundred monthly payments at an interest rate of 4.5%, commencing on October 1, 2015. (ECF No. 13-3).

On May 23, 2011, Plaintiffs filed an action (the "Prior Action") against Defendant in the Circuit Court for Baltimore County, Maryland ("Circuit Court"), alleging that Defendant had breached the LMA by "refusing to accept payments due under it and alleging additional amounts are owed it." (ECF No. 8 ¶ 17; No. 2 ¶ 2; No. 13-4 ¶ 19). Defendant filed a counterclaim alleging that Plaintiffs' loan had not been modified pursuant to the LMA because Plaintiffs had failed to return the LMA duly signed and notarized to CitiMortgage within the allotted time. (ECF No. 2-2 ¶¶ 16-17). Defendant further alleged that Plaintiffs had failed to make their required payments under the Note. (*Id.* ¶ 21). Defendant therefore sought judgment for the full amount due under the note, namely "$470,112.24 plus interest at 7.375% from November 26, 2012." (*Id.* at 5). In the alternative, Defendant alleged that Plaintiffs had failed to make payments due under the LMA and sought judgment for the full amount due under the LMA, namely $401,691.78 plus interest at 4.25% from September 1, 2010." (*Id.* at 7).

The case was tried before a jury. (ECF No. 2 ¶ 5). On November 30, 2012, the jury found that (1) Plaintiffs entered into the LMA with CitiMortgage, (2) Defendant breached the LMA,

(3) Plaintiffs did not breach the LMA or the Note, and (4) Defendant did not violate the MCDA or the Maryland Mortgage Fraud Protection Act. (ECF No. 14-8; ECF No. 8 ¶ 21; ECF No. 2 ¶ 5). The jury also awarded Plaintiffs $ 150,000 for Defendant's breach of contract. (ECF No. 14-8 ¶ 3). The judgment against Defendant was subsequently reduced to $10,000 by the Circuit Court. (ECF No. 15-8). No timely appeal of this judgment was filed by either party. (ECF No. 2 ¶ 7).

With regard to the present action, Plaintiffs filed their complaint in the Circuit Court on May 3, 2013. (ECF Nos. 2, 2-2). Plaintiffs seek declaratory judgment that the Deed of Trust "is of no further force or effect," as well as monetary damages in excess of $75,000 for Defendant's violation of the MCDCA. (ECF No. 2 at 4).

On June 5, Defendant filed a notice of removal to this Court. (ECF No, 1). Defendant alleges that this Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332. (*(d.* ¶ 8). In support of its claim of federal jurisdiction, Defendant further alleges that the amount in controversy exceeds $75,000 and that there is complete diversity of citizenship among the parties, as the Plaintiffs are citizens of Maryland and the Defendant is a District of Columbia corporation, pursuant to 12 U.S.C. § 1717(a)(2)(B). (*Id.* ¶¶ 5-8).

Defendant alleges that Plaintiffs have made no payments on the Loan since judgment was entered in the Prior Action on November 30, 2012. (ECF No. 8 ¶ 22) Defendant filed counter-claims on June 7 seeking a declaratory judgment that the Note, as modified by the LMA, is a valid and binding contract, of which Plaintiffs are in default. (ECF No. 8 at 6). Defendant also seeks damages for breach of contract based on the monthly payments due under the LMA from November 30, 2012 to May 1, 2013. (*Id.* at 7).

On June 13, Plaintiffs moved to dismiss Defendant's counter-claims. (ECF No. 11). On July 1, Defendant moved for partial summary judgment. (ECF No. 14).

II. **LEGAL STANDARD**

   a. **Plaintiff's Motion to Dismiss Defendant's Counter-claims under Rule 12(b)(6)**

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is a test of the legal sufficiency of a complaint or, as here, a counter-claim. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). To pass this test, a complaint need only present enough factual content to render its claims "plausible on [their] face" and enable the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The plaintiff may not, however, rely on naked assertions, speculation, or legal conclusions. *Bell Atl. v. Twombly*, 550 U.S. 544, 556-57 (2007). In assessing the merits of a motion to dismiss, the court must take all well-pled factual allegations in the complaint as true and construe them in the light most favorable to the plaintiff. *Ibarra v. United States*, 120 F.3d 472, 474 (4th Cir. 1997). If after viewing the complaint in this light the court cannot infer more than "the mere possibility of misconduct," then the motion should be granted and the complaint dismissed. *Iqbal*, 556 U.S. at 679.

   b. **Plaintiff's Motion to Dismiss Defendant's Counter-claims under Rule 12(b)(1)**

Motions to dismiss for lack of subject matter jurisdiction are governed by Federal Rule of Civil Procedure 12(b)(1). Where the court's subject matter jurisdiction is in dispute, the plaintiff bears the burden of proving that jurisdiction exists. *Williams v. United States*, 50 F.3d 299, 304 (4th Cir. 1995). In determining its own jurisdiction, the court "is to regard the pleadings as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Richmond, Fredericksburg & Potomac R. Co. v.*

*United States*, 945 F.2d 765, 768 (4th Cir.1991). The court should grant a Rule 12(b)(1) motion to dismiss "if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." *Id.*

### c. Defendant's Motion for Partial Summary Judgment

A party seeking summary judgment must show "that there is no genuine dispute as to any material fact" and that he is "entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). If a party carries this burden, then the court will award summary judgment unless the opposing party can identify specific facts, beyond the allegations or denials in the pleadings that show a genuine issue for trial. FED. R. CIV. P. 56(e)(2). To carry these respective burdens, each party must support its assertions by citing specific evidence from the record. FED. R. CIV. P. 56(c)(1)(A). The court will assess the merits of the motion, and any responses, viewing all facts and reasonable inferences in the light most favorable to the opposing party. *Scott v. Harris*, 550 U.S. 372, 378 (2007); *Iko v. Shreve*, 535 F.3d 225, 230 (4th Cir. 2008).

### III. ANALYSIS

#### a. Plaintiffs' Legal Claims Regarding the Effect of the Prior Judgment

At the core of both Plaintiffs' motion to dismiss and Defendant's motion for partial summary judgment is the effect of the judgment in the Prior Action on the Note, as modified by the LMA, and Plaintiffs' continuing obligations under it. Plaintiffs allege that Defendant "may not legally enforce the note against the Plaintiffs." (ECF No. 2 ¶ 14). Defendant, in turn, asserts that "the Note, as modified by the LMA, is a valid and binding contract, enforceable according to its terms, [and] that Borrowers [i.e., Plaintiffs] must abide by the obligations therein, including making the regular monthly payments specified therein." (ECF No. 8 ¶ 27). Plaintiffs have presented this Court with no basis in law (or even logic) to support their contention.

### i. *Rooker-Feldman* Doctrine, Res Judicata, and Collateral Estoppel

Plaintiffs' first argument is that "Defendant's Counterclaims seek to re-litigate counterclaims that the Defendant was given a full and fair opportunity to litigate before a state court." (ECF No. 11-1 at 1). As a result, Plaintiffs continue, this Court has no jurisdiction to hear this case under the *Rooker-Feldman* doctrine and Defendant's counter-claims are barred by res judicata and collateral estoppel. However, Plaintiffs' argument fails because the counter-claims at issue in this case are separate and distinct from those raised by Defendant in the Prior Action.

The *Rooker-Feldman* doctrine provides that federal district courts may not hear "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corporation v. Saudi Basic Industries Corp.*, 544 U.S. 280, 284 (2005); *see also* ERWIN CHEMERINSKY, FEDERAL JURISDICTION 499 n.8 (6th ed.) ("In *Exxon Mobil Corporation v. Saudi Basic Industries Corp.*, . . . the Court held that *Rooker-Feldman* applies only when a losing party in state court seeks to *relitigate the same matter* in an action in federal district court.") (emphasis added).

In the case at bar, Defendant is not relitigating the same matter in federal district court. The Prior Action concerned the validity of the LMA and the status of payments under the Note prior to May 1, 2010.

In the Prior Action, Defendant alleged that (1) Plaintiffs had been declined "from the Loan Modification Agreement" because "the signed and notarized Loan Modification Agreement was not returned to CitiMortgage in the required timeframe," (ECF No. 11-2 ¶ 17); and (2) Plaintiffs had "failed to make their required payments under the Note," noting that Plaintiffs were "currently due for [their] May 1, 2010 payment." (ECF No. 11-2 ¶¶ 19, 28). On this basis,

Defendant claimed a breach of the Note or, in the alternative, a breach of the Note as modified by the LMA. (*Id.* Count One at 4-6, Count Two at 6-7). Defendant sought the full amount due under the Note or, in the alternative, the full amount due under the Note as modified by the LMA in damages for the alleged breach. (*Id*).

Plaintiffs' allegations in the Prior Action were that (1) the "LMA they entered into with CitiMortgage was a valid and enforceable contract . . . binding on any successor in interest to CitiMortgage" and (2) "Defendant [had] breached the LMA by refusing to accept payments due under it and alleging additional amounts [were] owed to it." (ECF No. 13-4 ¶¶ 16, 19). On this basis, Plaintiffs claimed a breach of the LMA and sought $10,000 in damages. (*Id.* ¶¶ 37, b).

The jury found that Plaintiffs and CitiMortgage had entered into the LMA, that Defendant had breached the LMA, and that Plaintiffs had not breached their contract with Defendant. (ECF No. 14-8 ¶¶ 1, 2, 13). Further, Plaintiffs were awarded $10,000 in damages for Defendant's breach. (ECF Nos. 14-8 ¶ 3; 14-9).

At issue in the present case are the same Note and LMA but Defendant's counter-claims are for a different alleged breach. The Prior Action concerned payments due under the Note up until May 1, 2010, (ECF No. 19-2 ¶ 28). Here, the basis for Defendant's claim is the allegation that *since judgment was entered* in the Prior Action, on November 30, 2012, Plaintiffs "have made no payments on the Loan." (ECF No. 8 ¶ 22). Were Defendant attempting to relitigate the enforceability of the LMA or a claim of non-payment prior to May 1, 2010, the *Rooker-Feldman* doctrine might apply. However, there is no reasonable argument under which *Rooker-Feldman* applies to the counter-claims before this Court today.

The doctrines of res judicata and collateral estoppel are similarly inapposite. As Plaintiffs have noted in their motion to dismiss:

7

> In Maryland, the doctrine of res judicata precludes the relitigation of a suit if (1) the parties in the present litigation are the same or in privity with the parties to the earlier action; *(2) the claim in the current action is identical to the one determined in the prior adjudication*; and (3) there was a final judgment on the merits in the previous action.

*Powell v. Breslin*, 430 Md. 52, 63-64 (Md. 2013) (emphasis added). For its part, the four-part test for the application of collateral estoppel is as follows:

> 1. *Was the issue decided in the prior adjudication identical with the one presented in the action in question?*
> 2. Was there a final judgment on the merits?
> 3. Was the party against whom the plea is asserted a party or in privity with a party to the prior adjudication?
> 4. Was the party against whom the plea is asserted given a fair opportunity to be heard on the issue?

*Colandrea v. Wilde Lake Community Ass'n, Inc.*, 361 Md. 371, 391 (Md. 2000) (emphasis added).

Neither the claims nor the issues decided in the Prior Action are identical to the ones at issue in the case at bar. The Prior Action concerned payments on the Note prior to May 1, 2010. The present action concerns payments on the Note since November 30, 2012.

Persuasive case law supports this Court's basic and straight-forward application of the doctrines of res judicata and collateral estoppel to the facts of this case. In *Davis v. McLaughlin*, No. 87-3085, 1988 WL 105276 (4th Cir. Oct. 4, 1988), the Fourth Circuit considered a case nearly identical to this one. There, the defendant had made two promissory notes in favor of plaintiffs in the context of a stock sale. *Id.* at *1. A first dispute arose when plaintiffs refused to accept late tender of a payment due under the notes, exercised their option to accelerate the notes, and instituted a diversity action to collect the entire debt. *Id.* The federal district court held that defendant's attempt to tender payment, though late, cured his existing default and, therefore, plaintiffs could not accelerate the notes. *Id.* Subsequently, the plaintiff filed a second diversity

action alleging that the plaintiff had once again failed to make a payment on the same notes. *Id* at *2. In this second action, the district court granted summary judgment for the plaintiffs, finding that defendant had failed to make the payments demanded of him under the notes. *Id.* On appeal of this second action, defendant argued that the district court erred in not dismissing the suit under principles of res judicata. *Id.* The Fourth Circuit summarily held that "the acts are not the same. There is no res judicata bar to the present action, because the issues now before the court have not been previously adjudicated." *Id.* Although the *Davis* Court was applying Virginia state law, the doctrine of res judicata applies in the same way to the case at bar. There as here, the doctrines of res judicata and collateral estoppel do not apply because the prior and current lawsuits involve different missed payments.

### ii. Defendant's Prior Breach of the LMA

Plaintiffs' second argument is that Defendant cannot prevail on its counterclaims because it was found to be in breach of the LMA in the Prior Action. In particular, Plaintiffs allege that "Defendant may only prevail on its counterclaims before this Court if it can show that it is the 'non-breaching party' under the LMA." (ECF No. 22 at 11). Again, there is no basis in law for this contention. Where a contract requires continuous performance, it is capable of being breached on numerous occasions. 7A Am. Jur. 2d Contracts § 704. In such a contract, a partial breach results in a right to damages but the contract itself remains in effect. *Id.* This general statement of the law is confirmed by Maryland case law:

> When a covenant goes only to a part of the consideration of a contract, is incidental and subordinate to its main purpose, and its breach may be compensated in damages, such a breach does not warrant a rescission of the contract, but the injured party is still bound to perform his part of the agreement, and his only remedy for the breach consists of the damages he has suffered therefrom.

*Barufaldi v. Ocean City, Chamber of Commerce, Inc.*, 7 A.3d 643, 655 (Md. Ct. Spec. App. 2010) (quoting *Speed v. Bailey*, 139 A. 534, 536 (Md. 1927)).

Here, the Note, as modified by the LMA, requires Plaintiffs to make monthly payments while it requires Defendant to accept them. In the Prior Action, Defendant was found to have breached its duty to accept Plaintiffs' payments for a period ending on May 1, 2010. As a result of this breach, Plaintiffs were awarded $10,000 in damages. However, Defendant's breach did not relieve Plaintiffs of their continuing obligation to make monthly payments as set forth in the LMA. Nor did Defendant's breach deprive it of the right to seek damages if Plaintiffs failed to make future payments. Holding otherwise, as Plaintiffs would have this Court do, would unjustly enrich Plaintiffs by allowing them to avoid repaying hundreds of thousands of dollars they still owe on the Loan.

Thus, none of the legal theories put forth by Plaintiffs support their claim that Defendant "may not legally enforce the note against the Plaintiffs." (ECF No. 2 ¶ 14).

### b. Plaintiffs' Motion to Dismiss Defendant's Counter-claims

#### i. Count One

Plaintiffs have moved to dismiss Defendant's counter-claims pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. In Count One of its counter-claim, Defendant seeks declaratory relief, requesting that:

> A. This Court determine and adjudicate the rights and liabilities of the parties with respect to the LMA, the Note and the Deed of Trust.
> B. This Court find and declare that the Note, as modified by the LMA, is a valid and binding contract, enforceable according to its terms, that Borrowers must abide by the obligations therein, including making the regular monthly payments specified therein;
> C. This Court find and declare that the Deed of Trust is a valid and binding security instrument securing repayment of the Note, as modified by the LMA, and that Borrowers must abide by the obligations therein;

> D. This Court find that Borrowers breached the terms of the LMA and Note by failing to make the required payments, including bringing the Loan current since the entry of the judgment in the Lawsuit;
> E. This Court find that Borrowers are in default of the Note, as modified by the LMA, and Fannie Mae is entitled to exercise all its rights and remedies as set forth in the LMA, the Note and the Deed of Trust;
> F. This Court award to Fannie Mae the costs of these proceedings, and such other and further relief as this Court deems just.

(ECF No. 8 at 6).

In its counter-claim, Defendant cites 28 U.S.C. § 1332 as the basis for this Court's jurisdiction. However, the Court will assume that Defendant relies on § 2201 as the basis for its declaratory judgment claim. *See Martinez v. Resource Bank, FSB*, No. 1:09-CV-1112, 2009 WL 4665767 at *4 (E.D. Va. Nov. 30, 2009) ("Even though Plaintiff does not indicate in his Complaint on which legal authority it relies to bring this declaratory judgment claim, the Court will assume that he brings the claim pursuant to 28 U.S.C. § 2201 and Rule 57 of the Federal Rules of Civil Procedure, which governs the procedure for obtaining a declaratory judgment under 28 U.S.C. § 2201. FED. R. CIV. P. 57."). In order for this Court to have jurisdiction, the Court must find that (1) the dispute constitutes a "case or controversy" under Article III of the United States Constitution, and (2) declaratory relief is appropriate. *White v. Nat'l Union Fire Ins. Co.,* 913 F.2d 165, 167 (4th Cir. 1990).[1]

The Court finds that both of these conditions are satisfied. The dispute is "a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Maryland Cas. Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270, 273 (1941). At issue is the status and enforceability of the LMA, the Note, and the Deed of Trust (ECF No. 8 ¶ 26). Defendant has alleged that the unpaid principal of the Loan is $400,025.60, that Plaintiffs have made none of the required payments on the Loan since

---

[1] "Federal standards guide the inquiry as to the propriety of declaratory relief in federal courts, even when the case is under the court's diversity jurisdiction." *White v. Nat'l Union Fire Ins. Co*., 913 F.2d 165, 167 (4th Cir. 1990).

11

November 30, 2010, and that the Note, as modified by the LMA, is a valid and binding contract, enforceable according to its terms. (*Id.* ¶¶ 22, 24, 27). Further, declaratory relief is appropriate to clarify and settle the legal relations at issue. *Centennial Life Ins. Co. v. Poston*, 88 F.3d 255, 256 (4th Cir. 1996).

The Court therefore finds that, with regard to Count One, Defendant's pleadings are adequate to overcome Plaintiffs' motion to dismiss.

### ii. Count Two

The Court finds that the facts as pled by the Defendant are sufficient to establish federal diversity jurisdiction over Count Two. Defendant alleges that this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332 and has pled that the parties are of diverse citizenship and that the amount in controversy exceeds the jurisdictional minimum of $75,000. (ECF No. 8 ¶¶ 2-7). As discussed above, Plaintiffs' contention that the *Rooker-Feldman* doctrine prevents this Court from asserting jurisdiction over this case is without merit.

With regard to Plaintiffs' motion to dismiss Count Two pursuant to Rule 12(b)(6) of the Rules of Civil Procedure, this Court finds that the facts as pled by the Defendant are sufficient to overcome Plaintiffs' motion. Under Maryland law, "[t]o prevail in an action for breach of contract, a plaintiff must prove that the defendant owed the plaintiff a contractual obligation and that the defendant breached that obligation." *Taylor v. NationsBank, N.A.*, 776 A.2d 645, 651 (Md.2001). Here, Defendant has alleged that "[t]he Note, as modified by the LMA, is a valid and enforceable contract under applicable law" and that the "failure of Borrowers [i.e. Plaintiffs] to make the required payments due and owing to Fannie Mae [i.e, Defendant] under the Note, as modified by the LMA, since the date of judgment in the Lawsuit [i.e., the Prior Action] is a material breach of the Note and constitutes a default under the Note." (ECF No. 8 ¶¶ 31, 33).

Defendant's counter-claim therefore meets the test for legal sufficiency. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999).

### c. Defendant's Motion for Partial Summary Judgment

Defendant has moved for partial summary judgment and to enter judgment:

> A. Finding and declaring that the Note, as modified by the LMA, is a valid and binding contract, enforceable according to its terms, that Plaintiffs must abide by the obligations therein, including making the regular monthly payments specified therein, and that Fannie Mae is entitled to exercise all its rights and remedies as set forth in the LMA, the Note and the Deed of Trust;
> B. Finding and declaring that the Deed of Trust is a valid and binding security instrument securing repayment of the Note, as modified by the LMA, and that Plaintiffs must abide by the obligations therein;
> C. Finding Plaintiffs liable to Fannie Mae for breach of contract for failing to make the required payments under the Note, as modified by the LMA, accruing subsequent to November 30, 2012, the date of the judgment in the first Lawsuit; and
> D. Granting summary judgment in favor of Fannie Mae on all counts of Plaintiffs' Complaint.

(ECF No. 14). In their two-count complaint, Plaintiffs (1) seek declaratory judgment that the Deed of Trust "is of no further force or effect since the Defendant may not legally enforce the note against the Plaintiffs" and (2) allege that Defendant has violated the MCDCA by maintaining a deed of trust that is not legally enforceable against Plaintiffs' property. (ECF No. 2).

In support of its motion for partial summary judgment, Defendant has shown that (1) it entered into a contract with Plaintiffs (ECF Nos. 14-2; 14-5); (2) the Note and LMA require Plaintiffs to make monthly payments, (*Id.*); and (3) the LMA was found to be a legally binding contract by the Circuit Court in the Prior Action. (ECF No. 14-8). Defendant has also shown that, as security for the Loan, Plaintiffs executed the Deed of Trust. (ECF No. 14-4). Further, Plaintiffs have offered evidence that Plaintiffs have not made any of the monthly payments required under the Note, as modified by the LMA, since November 30, 2010 and that, as of the

13

time of the counter-claim, the amount of principal still due under the LMA was $400,025.60 (ECF No. 14 ¶¶ 6, 7). Plaintiffs have not identified any specific facts that contradict Defendant's claims.

The Court therefore finds that Defendant has met its burden of showing that there is no genuine dispute as to any material fact and that it is entitled to judgment on its counter-claims as a matter of law. As Plaintiffs have failed to identify specific facts that show a genuine issue for trial, the Court will award partial summary judgment to Defendant.

## IV.     CONCLUSION

Accordingly, an order shall issue DENYING Plaintiffs' motion to dismiss the counter-claims (ECF No. 11) and GRANTING Defendant's motion for partial summary judgment (ECF No. 14).

Dated this __17th__ day of September, 2013

BY THE COURT:

_____/s/_____
James K. Bredar
United States District Judge