IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| JIMMY DANH<br>LOUNG THY LI, | *<br>* |
| Plaintiffs/Counterclaim Defendants | * |
| v. | *   CIVIL No. 1:13-cv-01636--JKB |
| FEDERAL NATIONAL<br>MORTGAGE ASSOCIATION, | *<br>* |
| Defendant/Counterclaim Plaintiff. | *<br>* |

\* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM

Jimmy Danh and Loung Thi Ly ("Plaintiffs") brought this suit against the Federal National Mortgage Association ("Defendant") alleging a violation of the Maryland Consumer Debt Collection Act ("MCDCA") and the Maryland Consumer Protection Act ("MCPA") and seeking declaratory judgment. Defendant brought a counter-claim alleging breach of contract and seeking money damages and a declaratory judgment. On September 19, 2013, this Court denied Plaintiffs' motion to dismiss Defendant's counter-claims and granted Defendant's motion for partial summary judgment. (ECF No. 26.) Now pending before the Court are (1) Defendant's motion for attorneys' fees and expenses (ECF No. 29) and (2) Defendant's motion for summary judgment. (ECF No. 32.) The issues have been briefed and no hearing is required. Local Rule 105.6. For the reasons set forth below, Defendant's motion for attorney's fees will be GRANTED and Defendant's motion for summary judgment will be GRANTED.

## I. BACKGROUND

Plaintiffs are owners of real property located at 7518 Gilley Terrace, Rosedale, MD. (ECF No. 2 ¶ 1.) On April 2, 2008, Plaintiffs obtained a loan (the "Loan") for $390,150 from CitiMortgage, Inc. ("CitiMortgage"). (ECF No. 2 ¶ 1; ECF No. 8 ¶ 10.) The Loan is evidenced by a note (the "Note") and secured by a deed of trust (the "Deed of Trust"), both executed on April 2. (ECF No. 8 ¶¶ 10, 11.) Shortly after execution of the Note, Defendant acquired CitiMortgage's interest in the Loan, although CitiMortgage continued to service it for Defendant. (ECF No. 8 ¶ 10.)

Plaintiffs entered into a Loan Modification Agreement ("LMA") with CitiMortgage on August 8, 2010. (*Id.* ¶12.) The LMA states that as of September 1, 2010, the unpaid principle of the Loan, including capitalized interest, was $401,691.78 and calls for sixty monthly payments at an interest rate of 4.25%, commencing on October 1, 2010, and three hundred monthly payments at an interest rate of 4.5%, commencing on October 1, 2015. (ECF No. 13-3.)

On May 23, 2011, Plaintiffs filed an action (the "Prior Action") against Defendant in the Circuit Court for Baltimore County, Maryland ("Circuit Court"), alleging that Defendant had breached the LMA by "refusing to accept payments due under it and alleging additional amounts are owed it." (ECF No. 8 ¶ 17; No. 2 ¶ 2; No. 13-4 ¶ 19.) Defendant filed a counterclaim alleging that Plaintiffs' loan had not been modified pursuant to the LMA because Plaintiffs had failed to return the LMA duly signed and notarized to CitiMortgage within the allotted time. (ECF No. 2-2 ¶¶ 16-17.) Defendant further alleged that Plaintiffs had failed to make their required payments under the Note. (*Id.* ¶ 21.) Defendant therefore sought judgment for the full amount due under the note, namely "$470,112.24 plus interest at 7.375% from November 26, 2012." (*Id.* at 5.) In the alternative, Defendant alleged that Plaintiffs had failed to make

payments due under the LMA and sought judgment for the full amount due under the LMA, namely $401,691.78 plus interest at 4.25% from September 1, 2010." (*Id.* at 7.)

The case was tried before a jury. (ECF No. 2 ¶ 5.) On November 30, 2012, the jury found that (1) Plaintiffs entered into the LMA with CitiMortgage, (2) Defendant breached the LMA, (3) Plaintiffs did not breach the LMA or the Note, and (4) Defendant did not violate the MCDA or the Maryland Mortgage Fraud Protection Act. (ECF No. 14-8; ECF No. 8 ¶ 21; ECF No. 2 ¶ 5.) The jury also awarded Plaintiffs $150,000 for Defendant's breach of contract. (ECF No. 14-8 ¶ 3.) The judgment against Defendant was subsequently reduced to $10,000 by the Circuit Court. (ECF No. 15-8.) No timely appeal of this judgment was filed by either party. (ECF No. 2 ¶ 7.)

With regard to the present action, Plaintiffs filed their complaint in the Circuit Court on May 3, 2013. (ECF Nos. 2, 2-2.) Plaintiffs seek declaratory judgment that the Deed of Trust "is of no further force or effect," as well as monetary damages in excess of $75,000 for Defendant's violation of the MCDCA. (ECF No. 2 at 4.)

On June 5, Defendant filed a notice of removal to this Court. (ECF No. 1.) Defendant alleges that this Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332. (*(d.* ¶ 8.) In support of its claim of federal jurisdiction, Defendant further alleges that the amount in controversy exceeds $75,000 and that there is complete diversity of citizenship among the parties, as the Plaintiffs are citizens of Maryland and the Defendant is a District of Columbia corporation, pursuant to 12 U.S.C. § 1717(a)(2)(B). (*Id.* ¶¶ 5-8.)

Defendant alleges that Plaintiffs have made no payments on the Loan since judgment was entered in the Prior Action on November 30, 2012. (ECF No. 8 ¶ 22.) Defendant filed counter-claims on June 7 seeking a declaratory judgment that the Note, as modified by the LMA, is a

3

valid and binding contract, of which Plaintiffs are in default. (ECF No. 8 at 6.) Defendant also seeks damages for breach of contract based on the monthly payments due under the LMA that Plaintiffs have failed to pay since November 30, 2012. (*Id.* at 7.)

On September 18, 2013, this Court found that (1) the Note, as modified by the LMA, is a valid and binding contract, (2) the Deed of Trust is a valid and binding security instrument securing repayment of the Note, as modified by the LMA, and (3) Plaintiffs are liable to Defendant for breach of contract for failing to make the required payments under the Note, as modified by the LMA, accruing subsequent to November 30, 2012. (ECF No. 27.) Further, the Court granted summary judgment in favor of Defendant on all counts of Plaintiffs' complaint. (*Id.*)

Defendant now asks the Court to grant its motion for summary judgment (ECF No. 32) and enter judgment in its favor against Plaintiffs, jointly and severally, in the amount of $33,726.12, plus court costs, post judgment interest, and attorneys' fees and expenses. Defendant has also filed a motion for attorney's fees and expenses. (ECF No. 29.) On December 20, 2013, pursuant to the Court's scheduling order (ECF No. 30), Defendant filed its memorandum in support of its motion for attorneys' fees (ECF No. 41).[1] Although Plaintiffs filed a response to Defendant's motion for attorney's fees and expenses on November 20 (ECF No. 33), they have filed no response to Defendant's memorandum in support of the motion (ECF No. 41), in which Defendant justifies its request for $27,402.20 in attorneys' fees and expenses.

## II.   LEGAL STANDARD

A party seeking summary judgment must show "that there is no genuine dispute as to any material fact" and that he is "entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). If a party carries this burden, then the court will award summary judgment unless the opposing party

---

[1] Defendant filed a corrected version of the memorandum on December 24, 2013. (ECF No. 43.)

can identify specific facts, beyond the allegations or denials in the pleadings that show a genuine issue for trial. FED. R. CIV. P. 56(e)(2). To carry these respective burdens, each party must support its assertions by citing specific evidence from the record. FED. R. CIV. P. 56(c)(1)(A). The court will assess the merits of the motion, and any responses, viewing all facts and reasonable inferences in the light most favorable to the opposing party. *Scott v. Harris*, 550 U.S. 372, 378 (2007); *Iko v. Shreve*, 535 F.3d 225, 230 (4th Cir. 2008).

### III. ANALYSIS

#### a. Defendant's Motion for Summary Judgment

In its September 18 ruling, this Court found Plaintiffs liable to Defendant for breach of contract for failing to make the required payments under the Note, as modified by the LMA, accruing subsequent to November 30, 2012. On this basis, Defendant seeks judgment in the amount of $33,726.12, representing twelve missed payments and the resulting late charges. (ECF No. 32-1 at 1.)

In their opposition to Defendant's motion for summary judgment, Plaintiffs do not contest Defendant's proof of damages however. (ECF No. 35.) Rather, Plaintiffs assert that the LMA is not enforceable. (*Id.*) In support of this proposition, Plaintiffs advance two arguments. First, they argue that in the course of the Prior Action, the Circuit Court for Baltimore County ruled the LMA to be unenforceable. (*Id.*) Second, they argue that the relevant contractual provisions were merged into the judgment entered by the Circuit Court in the Prior Action. (*Id.*)

The Court has already addressed both of these issues. (ECF No. 28.) First, with regard to the enforceability of the LMA, in the Prior Action, the jury found, by a preponderance of the evidence, (1) that Plaintiffs entered into the LMA with CitiMortgage and (2) that Defendant breached the LMA. (ECF No. 15-7 at ¶¶ 1-2, *see also* ECF No. 35-1 at 14.) Based on these two

5

findings, the jury awarded Plaintiffs $150,000 for Defendant's breach of the LMA. (ECF No. 15-7 at ¶ 3, *see also* ECF No. 35-1 at 14.)[2] Despite this, Plaintiffs assert that the LMA is *not* a "valid and enforceable agreement."

In order to support their contention, Plaintiffs point to the fact that the Circuit Court granted Defendant's motion for summary judgment as to the first count of Plaintiffs' complaint and dismissed the count. (ECF No. 25-1 at 14.) In this count, Plaintiffs had sought a declaratory judgment that the LMA was a valid and enforceable credit agreement. (ECF No. 15-5.) The parties have not provided this Court with any materials that would allow it to fully explain the basis for the Circuit Court's dismissal of the count. However, whatever the Circuit Court's reasoning, the fact remains that, contrary to Plaintiffs' assertion, after dismissing Count I, the Circuit Court *did* submit the question of the LMA's validity and enforceability to the jury. As set out above, the jury's finding that (1) Plaintiffs entered into the LMA and that (2) Defendants breached the agreement was the basis for the damages awarded to Plaintiffs by the Circuit Court.

Second, with regard to the rule of merger, as this Court explained in its prior memorandum, the Circuit Court's judgment in the Prior Action, which concerned payments due under the Note, as modified by the LMA, up until May 1, 2010, in no way prevents Defendant from seeking judgment with regard to payments due *since judgment was entered* in the Prior Action. (ECF No. 27 at 6-9.)

Therefore, the Court reaffirms it holding that the Note, as modified by the LMA, is a valid and binding contract. Given that Plaintiffs contest neither (1) Defendant's allegation that they have failed to make payments due under the Note since November, 2012 nor (2) Defendant's proof of damages, the Court grants Defendant's motion for summary judgment and awards Defendant judgment in the amount of $33,726.12. This amount represents the total

---

[2] The court subsequently reduced the amount of damages to $10,000. (ECF No. 15-8.)

amount of missed payments and late fees from December 1, 2012 to November 11, 2013. (ECF No. 38 at 2.) Further, as the prevailing party, Defendant, is awarded costs, pursuant to Rule 54(d)(1) of the Federal Rules of Civil Procedure, and post-judgment interest at the rate of 0.13%, pursuant to 28 U.S.C. § 1961.

### b. Defendant's Motion for Attorney's Fees and Expenses

Defendant has moved for attorney's fees and expenses on the basis of section 14 of the Deed of Trust and section 5(d) of the LMA. In Maryland, a prevailing party may recover attorney's fees where they are agreed upon by the parties to a contract. *Hess Construction Co. v. Board of Education of Prince George's County*, 669 A.2d 1352 (Md. 1996). Here, Section 14 of the Deed of Trust provides, in relevant part, that "[l]ender may charge [b]orrower fees for services performed in connection with [b]orrower's default, for the purpose of protecting [l]ender's interest in the [p]roperty and rights under this [s]ecurity [i]nstrument, including . . . attorney's fees." (ECF No. 14-4 at 11.) Section 5(d) of the LMA provides that "[a]ll costs and expenses incurred by [l]ender in connection with the [a]greement, including . . . attorney's fees, shall be paid by the [b]orrower." (ECF No. 14-5 at 3.)

Plaintiffs oppose the award of attorney's fees on the basis that "Defendant's claim to attorney fees based on a contract provision was extinguished by the final judgment entered by the Baltimore County City Court" in the Prior Action. (ECF No. 33.) As the Court has explained, the Circuit Court's judgment in the Prior Action, which concerned payments due under the Note, as modified by the LMA, up until May 1, 2010, in no way prevents Defendant from seeking judgment with regard to payments due *since judgment was entered* in the Prior Action. (ECF No. 27 at 6-9.) By the same logic, the judgment does not extinguish Defendant's right to seek attorney's fees under the Note, as modified by the LMA.

7

Having reviewed Defendant's undisputed memorandum in support for its motion for attorney's fees and expenses (ECF No. 43), the Court finds the amount of $27,402.20 to be a reasonable fee. Therefore, the Court awards Defendant its attorneys' fees and expenses incurred in this action in the amount of $27,402.20.

## IV. CONCLUSION

Accordingly, an order shall issue (1) GRANTING Defendant's motion for attorney's fees and expenses (ECF No. 29) and awarding Defendant its attorneys' fees and expenses in the amount of $27,402.20; and (2) GRANTING Defendant's motion for summary judgment (ECF No. 29) and awarding Defendant judgment in the amount of $33,726.12, plus court costs and post judgment interest at the rate of 0.13%.

Dated this 13th day of January, 2014.

BY THE COURT:

/s/
James K. Bredar
United States District Judge